988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary John FREIER, Plaintiff-Appellant,
v.
Samuel A. LEWIS, et al., Defendant-Appellee.
 No. 92-16498.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 22, 1993.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-92-00502-JMR; John M. Roll, District Judge, Presiding.
 D.Ariz.
 VACATED AND REMANDED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary J. Freier, an Arizona state prisoner, appeals pro se the district court's dismissal as frivolous pursuant to 28 U.S.C. § 1915(d) of his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand for issuance and service of process.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte before service of process under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Id. at 325. In civil rights actions where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A pro se plaintiff with an arguable claim is entitled to issuance and service of process, even if the complaint does not state a claim under Fed.R.Civ.P. 12(b)(6). Denton v. Hernandez, 112 S.Ct. 1728, 1733; Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 4
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 5
 Here, Freier alleged that the conditions of his confinement constituted cruel and unusual punishment. He stated that he is confined to a double-bunked cell for 20 hours per day, and is allowed only two and a half hours of outside recreation per week. Freier sought injunctive relief and damages. The district court found Freier's complaint frivolous and ordered it dismissed pursuant to section 1915(d).
 
 
 6
 We cannot say from the face of Freier's complaint that his action is wholly frivolous. Rather, Freier's allegation of inadequate outdoor exercise appears to have an arguable basis in law and fact. See Spain v. Procunier, 600 F.2d 189, 199-200 (9th Cir.1979) (deprivation of outdoor exercise over period of years violates eighth amendment where prisoners in continuous segregation, were permitted little out-of-cell movement or corridor exercise, had minimal contact with other people, and lived in an atmosphere of fear and degradation without rehabilitative programs); Toussaint v. Yockey, 722 F.2d 1490, 1492-93 (9th Cir.1984) (on review of preliminary injunction, findings that prisoners were denied outside exercise while incarcerated for over one year in conditions similar to those in Spain raised substantial constitutional question). Accordingly, because Freier's action has an arguable basis in law and fact, we vacate and remand for issuance and service of process. See Jackson, 885 F.2d at 640.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3